And we'll move to our third case this morning, United States v. Cory Williams. Mr. Robinson Good morning and may it please the court, my name is Matthew Robinson on behalf of the appellant, Cory Williams. Mr. Williams is a non-violent drug offender who pleaded guilty and accepted responsibility. He's subject to a 20-year minimum mandatory sentence in September 2017 when he was sentenced. He was subject to that sentence because of his prior record, he's not running away from that, he had a prior felony conviction for possession of a controlled substance on his record and that allowed an increase in his statutory minimum to be 20 years. At the sentencing hearing, however, his guideline range was 135 to 168 months, quite a big difference. However, the judge, rightly so, was restricted by the minimum mandatory and gave him that sentence. In the time period since Mr. Williams had been incarcerated, and it's been several years now, he, you know, engaged in rehabilitative efforts and eventually discovered that he could file a motion for a reduced sentence as a result of the First Step Act, which was passed in 2018. Obviously, the issue in this case is that the court, the district court, in deciding his motion felt that it was not allowed to take into consideration the change in sentence. Mr. Robinson, we're going to have to take a short break right now, I'm sorry to interrupt your argument, but the court will be in recess for just a few minutes before we continue with the argument. Thank you. Your Honor, the court is now in session, please continue with public comment. All right. You may proceed, Mr. Robinson. Thank you. And that leads me right to the point of what, probably why I'm here. Obviously, the Seventh Circuit in this court has held that these non-retroactive guideline amendments and changes in law that occur after someone's sentence cannot be extraordinary or compelling circumstances under 18 United States Code Section 3582C1A. We recognize that, and as a matter of fact, in preparing for today, I saw that the Seventh Circuit, I believe, on December 5th, kind of defeating what I've argued here, but I'm going to make my case, because I think it's still distinguishable. First of all, King and Thacker, in my opinion, are wrongly decided, respectfully, and are contrary to the decision, the Supreme Court's decision in Concepcion. The Seventh Circuit's position conflicts with the canon of construction, expressio unias, forgive my pronunciation, whoever knows exactly how to pronounce it. However, the expression of one thing typically means the exclusion of another, and with respect to these First Step Act motions for reduced sentence, there's only one factor that Congress saw fit to say couldn't be considered as a factor, and that is rehabilitation alone. Everything else is left out in the open. Now, granted, that's partially because there's no policy statement still left in the United States guidelines about this, and hopefully that'll be changing. However, the law as it reads today, you know, in King, it fails to engage the key language from Concepcion, which was essentially that nothing expressed or implied in the Fair Sentencing Act prohibits or restricts a court from considering non-retroactive guideline amendments to help inform whether to reduce a sentence or by how much. It is only when Congress limits the scope of information that a court may consider that a district court's discretion to consider that information is constrained. That's a quote from Concepcion, 142, Supreme Court Act 2396. I realize that that argument on itself is foreclosed by circuit precedent, but I think it sets up the next part of the argument, which is important here. Factually, in Mr. Williams' case, even if the Seventh Circuit's position on this issue can be reconciled with Concepcion, the district court erred in denying Williams' motion because the court failed to address the disparity in punishment that is specific to his case. And we can do that because he had a co-defendant in this conspiracy, Mr. Shivers, who prior to Mr. Williams filing his motion for re-due sentence also filed one, and it was granted. It was granted before the Seventh Circuit had prohibited courts from considering these factors like this. Now, these defendants were of the same culpability in the conspiracy, and we know that because the pre-sentence report in Mr. Williams' case does not provide for any enhancements for Mr. Williams. And also, when I say enhancement, I'm talking about leadership enhancements or role enhancements. And, you know, the two defendants were culpable for the same amount of drugs, everything the same except for criminal history for the most part. And the district court did not address this disparity in denying his motion. Instead, it felt constrained by the belief that it was not allowed to consider whatsoever the changes in penalties that occurred. So with that, we would ask that the court vacate the district court's decision and remand this for further consideration so that the court can exercise its discretion. Because at this point, the district court felt its discretion was restrained and improperly. Unless the court has further questions, I will leave the remaining for rebuttal. Thank you. Thank you, Your Honor. Ms. Mindrem. May I please the court? Good morning. Assistant United States Attorney Marianne Mindrem on behalf of the Appellee of the United States. The court should affirm the decision of the district court. And it's the government's position that the district court did not abuse its discretion when it denied the petitioner's motion for compassionate release. Specifically, the threshold issue here and the only issue on appeal is whether the non-retroactive changes to the statutory mandatory minimum sentence constitutes an extraordinary and compelling reason to reduce a sentence. And under this court's precedent, as both petitioner as well as appellee has admitted to, they do not. Now, the government does rely on its brief with respect to this threshold issue, but would like to make a few points with respect to what the petitioner brought up. First, the petitioner in discussing the disparity issue did not appeal the disparity issue. It's the government's position that any of the other reasons that the petitioner sought out for extraordinary and compelling reasons were addressed by the district court. And the only issue on appeal, as stated in the petitioner's briefs, was the issue of the non-retroactive changes. So any arguments regarding the medical issues of the petitioner were addressed by the district court. The rehabilitative nature of the petitioner was addressed by the district court, as well as it's the government's position that the disparity issue was likely not addressed by the district court because it's a 3553A factor that the court never reached. In this case, the court found that no extraordinary and compelling reasons existed for under the compassionate release statute. And as this court has recognized in the Thacker case, it's a two-step process. First, they have to acknowledge whether or not there is the extraordinary and compelling reason before we would even get to 3553A. And the district court rightfully found that we don't get to 3553A because there were no threshold steps to take. There's a circuit split on the Thacker question, for lack of a better way to describe it, post concepcion. Is that right? Yes, Your Honor. So what's the weight of authority as it stands right now? Right now, it's the government's position that the petitioner waived any of those arguments because the only issue he brought up on appeal is the retroactivity and tried to merge the other issues under that single argument. Well, right. It's the Thacker argument. The defendant is arguing that we should overrule Thacker in light of concepcion. Yes, and it's the government's position that Thacker was correctly decided here. Right. I was asking about where the circuit split stands now. How many courts on which side of that question? Your Honor, the United States is not prepared to answer that question. I don't know where it stands right now. That's fine. But we believe, at least, that we fell on the correct side of the law with respect to Thacker. And for those reasons and the reasons set forth in the United States brief, we would rest on its brief unless the court has any further questions. All right. Thank you. Thank you. Mr. Robinson. Thank you, Your Honor. So I'll make this very brief. It looks like the circuits are lining up the same way they lined up before concepcion as to whether or not. So the Fourth Circuit says, of course, concepcion says we're doing this right. The Seventh Circuit says, well, concepcion doesn't affect our analysis. So those cases are USA v. Bryce. They're cited in my reply brief. It's a case out of the Fourth Circuit, USA v. Chen, which is out of the Ninth Circuit, and USA v. Amato out of the Second Circuit. All of those cases tend to say that concepcion changed the landscape to show that they were correct, in other words. Mr. Robinson, I greatly appreciate your candor about Thacker and Cain, both in your briefs and in the courtroom. What's the best argument? Forget Thacker and Cain. Just set them aside for a second. It seems to me that the First Step Act, as informed by concepcion, is quite different than the Compassionate Release Statute. One thing about concepcion is the court makes clear that it's effectively plenary resentencing when an individual qualifies for First Step Act relief. And that's what prompted the dissent to say, well, it shouldn't be. But that's the heart of the majority's opinion. But the Compassionate Release motion, even for somebody that does identify an extraordinary and compelling reason that would justify a reduction in sentence, does that, in your That's a distinction in my mind that is important. I mean, you might disagree, but to say that the First Step Act and the Compassionate Release Statute are completely synonymous or coterminous with respect to what they open up, I'm not sure about that. I would say that with respect to the Compassionate Release Statute, first of all, the term COVID issues. And originally, this was a motion that was only filed by the Bureau of Prisons. Right. So if somebody shows, for example, their health, right, that they have an extraordinary and compelling health circumstance that would warrant a sentence reduction. Many did. Okay. That doesn't reopen everything from the original sentencing. Right. And that's what's distinct from the First Step Act. I mean, that's what Concepcion tells us the First Step Act is doing. Over a dissent, to be sure, but the majority controls. I agree with your concern, but I disagree with your perspective, Your Honor, respectively. This is not a full resentencing. This is the permission for a district judge to exercise their discretion at the appropriate time as to whether or not to reduce a defendant's sentence. It's not a full resentencing. Now, the Concepcion evolved from, you know, the changes in the crack laws. The Fair Sentencing Act was modified by the First Step Act, and certainly I understand the difference there. However, without any congressional guidance, your concerns are valid, Your Honor, but I think that they're allowed. I think the court is allowed to take into consideration almost any factor that it feels is extraordinary and compelling in a given case, and in this case, the juxtaposition of Mr. Williams and his co-defendant, Mr. Shriver, which I will say is argued within both briefs. I agree I didn't make a separate issue out of it, but it's within the whole context of it. So with this, we will ask the court to remain for reconsideration, and I thank you very much for your time. Thank you, Your Honors. Thank you. Our thanks to both counsel. The case is taken under advisement.